**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4057**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE MAURICCIO VASQUEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00147)

_____

Submitted: December 19, 2007          Decided: January 11, 2008

_____

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kimberly Y. Best, THE BEST LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Vasquez pled guilty without a plea agreement to conspiracy to possess with intent to distribute and possession with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2000). The district court sentenced Vasquez to concurrent terms of ten years' imprisonment, which was the statutory mandatory minimum punishment. See 21 U.S.C. § 841(b)(1) (2000). Vasquez timely appealed. We affirm.

Vasquez initially contends his guilty plea was not knowing and voluntary, because he claims he never agreed to the Government's factual basis demonstrating he possessed at least five kilograms of a mixture and substance containing a detectable amount of cocaine. Vasquez raised this contention at the sentencing hearing; although Vasquez never formally moved to withdraw his guilty plea, the district court stated it would deny such a motion to the extent Vasquez sought this relief.

A defendant does not have an absolute right to withdraw a guilty plea, United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and we find no abuse of discretion in the court's Fed. R. Crim. P. 11 and sentencing hearings. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Vasquez was advised he faced a statutory mandatory minimum of ten years' imprisonment

on both counts, and Vasquez indicated he understood the district court would impose a sentence within the statutory range of ten years to life imprisonment.  Thus, we conclude Vasquez knowingly and voluntarily entered his guilty plea, with an understanding of its consequences.  See United States v. Wood, 378 F.3d 342, 349 (4th Cir. 2004).

Vasquez also contends the district court erred in sentencing him to ten years' imprisonment, notwithstanding the statutory mandatory minimum of that length and the validity of his guilty plea.  After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for unreasonableness.  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  A sentencing court is no longer bound by the range prescribed by the advisory sentencing guidelines.  United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); Hughes, 401 F.3d at 546.  In determining the sentence, however, courts are still required to calculate and consider the guidelines range and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  Green, 436 F.3d at 455-56.  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of presumption of reasonableness to within-guidelines sentence).

- 3 -

The district court appropriately held Vasquez responsible for at least five kilograms of cocaine. See <u>Chapman v. United States</u>, 500 U.S. 453, 456 (1991) (holding weight of drug includes net weight of drug plus any dilutant, cutting agent or carrier medium). Furthermore, the district court correctly determined Vasquez had more than one criminal history point, making him ineligible for a reduction below the statutory mandatory minimum. <u>See</u> <u>U. S. Sentencing Guidelines Manual</u> § 5C1.2(a)(1) (2006). The court sentenced Vasquez within the properly calculated sentencing guidelines range, and we therefore conclude the sentence was reasonable.

Accordingly, we affirm Vasquez's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>